# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 38
### SNYDER v. HAMILTON
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1186. Decided Sept. 25, 1924.
Ferneding, Mauck and Allread, JJ., sitting.

54. AGENCY—Authority given over phone sufficient to constitute.

297. CONTRACTS—Not always necessary to prove actual execution in written contracts of real estate brokers.

FERNEDING, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This is an action by Owen Snyder against' Elwood Hamilton for recovery of $2950, as commission for negotiating exchange of lands between Hamilton and one Schell. In the trial court the case was taken from the jury and judgment rendered in favor of Hamilton. Snyder claims the lower court erred in rejecting certain evidence offered by him in that court. It seems that a written contract had been entered into between Snyder and Hamilton to the effect that if Snyder consummated the exchange of real estate between Schell and Hamilton. he (Snyder) would receive a certain compensation.

Snyder testified that he sent to Schell a copy of such contract and was forthwith given authority by telegram to bring the deal to a close. Schell also called Snyder long distance confirming this authority. The trial court, in its verdict, held that no valid contract was made as between Hamilton and Schell; also ruling out the telegram and contract. In ordering a reversal the Court of Appeal held:.

1. Evidence of the telephone call and telegram were admissable.

2. In contracts of real estate brokers, it is not always necessary to prove actual execution of written contracts. In the present case the authority given Snyder over phone by Schell to sign his name to contract would make such contract valid and binding.

Attorneys—Eugene Morgan, for Snyder; G. E. Bibee and R. M. Edmonds, for Hamilton.

No. 39
### BORST v. DONNELLY
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1281. November 28, 1924

72. AMERCEMENT—1. Amercement under 12103 GC. being penal in nature, requires strict construction in favor of execution officer.

2. Absence of injury to complainant is not defense.

3. Execution stating amount slightly in excess of judgment and costs constitutes defense of irregularity in writ issued.

4. Answer admitting allegation of regularity of execution held not conclusive admission of fact.

PER CURIAM.

Epitomized Opinion
Published only in Ohio Law Abstract

Amercement of court bailiff was sought in the Columbus municipal court for failure to return an execution and for making a false return. The case was submitted upon certain agreements of counsel and upon the original files and papers. No admissions and no evidence to sustain the charge of false return was offered, hence, this charge was dismissed. Proof offered showed that the amount of execution was 50 cents in excess of the judgment, and the amount of costs included the costs of both plaintiff and defendant. The petition alleged regularity of the execution and it was contended that the answer admitted this fact. Judgment in favor of the bailiff was affirmed by the common pleas and court of appeals. The latter holding:

1. Amercement is penal in its nature and must be strictly construed in favor of the execution officer. Webb v. Anspach, 3 OS. 522.

2. Failure of complainant to prove injury resulting from an execution issued is not per se a defense to amercement.

3. An execution, irregular in amount of judgment stated and improperly assessing costs is a proper defense to amercement.

4. Answer to in amercement admitting charge of regularity of execution upon which action is founded, not being a necessary pleading, is not a conclusive proof of irregularity in fact.

Attorneys—J. C. Nicholson, for Borst; C. B. Snook, for Donnelly.